Timothy P. Dillon, Esq. (SBN 190839)
Sunjina K. Ahuja, Esq. (SBN 226130)
Dillon & Gerardi, APC
4660 La Jolla Village Drive, Suite 775
San Diego, CA 92122
Telephone: (858) 587-1800
Facsimile: (858) 587-2587

Attorneys for Plaintiff, Marpessa, Inc.

FILED

08 JUL 17 AM 11: 07

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _ECU_                    DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARPESSA, INC., a California corporation: | Case No.: **'08 CV 1283 BEN POR** |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **1) BREACH OF JOINT VENTURE AGREEMENT** |
| MKT LICENCIAMENTOS, LTDA, aka MKT LINCENCIAMENTOS, LTDA, a Brazilian Corporation; | **2) BREACH OF PARTNERSHIP AGREEMENT** |
| PISTACHE CONFECCOES, LTDA, a Brazilian corporation; | **3) ACCOUNTING** |
| | **4) BREACH OF DISTRIBUTION AGREEMENT** |
| Defendants. | **5) QUANTUM MERUIT** |
| | **6) INTERFERENCE WITH CONTRACTUAL RELATIONS** |
| | **Jury Trial Demanded** |

NOW COMES Plaintiff, MARPESSA, INC. ("MARPESSA"), a California corporation, for its Complaint against Defendants, alleging the following:

### PARTIES AND VENUE

1.      MARPESSA, is now and, at all times mentioned herein, was a corporation organized under the laws of the State of California with its principle place of business in the State of California, County of San Diego.

2.      Defendant, MKT LICENCIAMENTOS, LTDA, aka MKT LINCENCIAMENTOS,

ORIGINAL

CR

LTDA ("MKT"), is now and, at all times mentioned herein, was a foreign corporation formed and existing under the laws of the Country of Brazil and has its principal place of business in the city of Rio de Janeiro, Brazil.

3.    Defendant, PISTACHE CONFECCOES, LTDA ("PISTACHE"), is now and, at all times mentioned herein, was a corporation formed and existing under the laws of the Country of Brazil and has its principal place of business in the city of Rio de Janeiro, Brazil.

4.    Plaintiff is informed and believes and on that basis alleges that, at all relevant times, each of the Defendants, was the agent, employee or representative of each of the other Defendants and, in doing the things alleged to have been done in this Complaint, acted within the scope of such agency, representation or employment, or ratified the acts of the other.

5.    Defendants, PISTACHE AND MKT, shall collectively be referred to in this Complaint as "SALINAS SWIMWEAR".

6.    Venue is proper in this case because Defendants were required to perform a portion of their contract with Plaintiff in this jurisdiction and delivery of goods was to be made in this jurisdiction.

7.    Plaintiff hereby demands a jury trial.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1332, because there is complete diversity.   Plaintiff is a citizen of California, while Defendants are citizens of the Country of Brazil.

9.    The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

## GENERAL ALLEGATIONS

10.    MARPESSA and SALINAS SWIMWEAR began a joint venture/partnership relationship in early 2000 pursuant to an oral partnership agreement.  At the time the relationship was first formed, SALINAS SWIMWEAR sold the little known "Salinas" swimwear brand.  SALINAS SWIMWEAR was based in Brazil with limited exposure to markets in the United States and other foreign territories.  MARPESSA's employees were well known in the swimwear industry and had developed a strong reputation in the swimwear market over more than 10 years.   SALINAS

1    SWIMWEAR solicited MARPESSA to form a joint venture/partnership relationship wherein

2    MARPESSA would work with SALINAS SWIMWEAR in the development, production, marketing

3    and distribution of SALINAS SWIMWEAR's product line.

4        11.    From 2000 until early 2008, MARPESSA successfully marketed and distributed

5    SALINAS SWIMWEAR's products in the United States and in other territories, substantially

6    increasing the market for SALINAS SWIMWEAR's products throughout the world.

7        12.    At the time MARPESSA began promoting SALINAS SWIMWEAR's products,

8    SALINAS SWIMWEAR had limited exposure and few contacts with retailers outside of Brazil. With

9    respect to the United States, SALINAS SWIMWEAR had virtually no infrastructure in place - no

10    sales force, no distribution system, no website, no marketing strategy, no catalogue and minimal

11    presence with the primary marketing shows and in magazines.  MARPESSA utilized its contacts,

12    knowledge and experience to work with SALINAS SWIMWEAR in order to implement a strategy to

13    develop and promote SALINAS SWIMWEAR's brand.

14        13.    In order to create awareness of the "Salinas" brand, MARPESSA invested large

15    amounts of time and money that has resulted in the "Salinas" brand being currently identified as a

16    high-end swimwear brand – which has generated millions of dollars of sales for SALINAS

17    SWIMWEAR's products.  MARPESSA invested money and time into developing the brand with the

18    expectation that SALINAS SWIMWEAR would continue to deliver its products in a timely fashion,

19    would work with MARPESSA to continue to develop the brand, and would maintain the existing

20    relationship as long as SALINAS SWIMWEAR intended to sell its products in the United States.

21    MARPESSA is responsible for 100% of the contacts and clients SALINAS SWIMWEAR has in the

22    United States and has generated contacts for SALINAS SWIMWEAR in Italy, the United Kingdom,

23    Greece, Costa Rica, Panama, Spain, Korea, Canada, Canary Islands, Indonesia, Thailand and France.

24        14.    Between 2000 and 2008, MARPESSA assisted SALINAS SWIMWEAR in the design

25    of the merchandise to be marketed and sold outside of Brazil.  MARPESSA, as the liaison between

26    customers and SALINAS SWIMWEAR, had a pulse on the interests of the non-Brazilian market

27    place.  MARPESSA was an integral part of the development and design process and worked with

28    SALINAS SWIMWEAR each year to create marketable swimwear products.  MARPESSA sent its

1    president to Brazil for at least six weeks each year. During the time MARPESSA's president was in

2    Brazil she would work with SALINAS SWIMWEAR's designers everyday to recommend new or

3    different designs or, alternatively, changes to sample designs produced by SALINAS SWIMWEAR

4    for the upcoming product line. MARPESSA participated in every aspect of design and development.

5        15.    The arrangement between SALINAS SWIMWEAR and MARPESSA was as follows:

6        a.    Both MARPESSA and SALINAS SWIMWEAR were engaged in a joint

7    venture/partnership relationship whereby both parties were to work together to develop merchandise

8    and market and distribute the products in the United States and other foreign territories.

9        b.    While both parties had input throughout the development, marketing and

10   distribution process, SALINAS SWIMWEAR was to invest money in the development and

11   production phase, while MARPESSA's principal investment of money and time went toward

12   promotions, marketing, sales and distribution.

13       c.    SALINAS SWIMWEAR was to timely deliver samples in order to allow

14   MARPESSA to obtain orders. SALINAS SWIMWEAR was also required to timely fulfill (i.e.

15   deliver complete orders) orders procured by MARPESSA.

16       d.    Both MARPESSA and SALINAS SWIMWEAR were to obtain a portion of

17   the revenues generated from the United States and other foreign market sales.

18       16.    MARPESSA invested millions of dollars into the "Salinas" brand and the marketing,

19   sales, distribution infrastructure in the United States as part of its joint venture/partnership with

20   SALINAS SWIMWEAR in order to market the products and create a vast distribution system.

21   Examples of MARPESSA's efforts in growing the infrastructure, brand and developing the goodwill

22   of SALINAS SWIMWEAR's products include:

23       •    Hiring a staff of 15, including a sales team, customer service, and shipping personnel;

24       •    Maintaining an office capable of overseeing a nationwide distribution system in the

25   United States;

26       •    Creation of the www.salinasswimwear.com website, including development of all

27   content, merchant account, delivery, and associated graphics;

28   ///

1    •    Arranging and paying for photo shoots showcasing SALINAS SWIMWEAR's products

2    and swimwear lines;

3    •    Arranging and paying for booths for trade shows throughout the United States;

4    •    Attendance at all major tradeshows to promote SALINAS SWIMWEAR's products and

5    incurring costs for fees, travel expenses, hotel, models, line sheets and employee expenses;

6    •    Designing and producing catalogs and POPs for SALINAS SWIMWEAR's

7    merchandise and banners/images for trade show booths;

8    •    Hiring of a full time graphic designer;

9    •    Additional line sheets for customers;

10    •    Paying for advertisements in major swimwear magazines;

11    •    Paying for SIMA membership fees ; and

12    •    Paying for product presence in ultra high-end showrooms.

13    17.    For 2007 alone, MARPESSA spent over $1,500,000 in marketing, advertising,

14    distributing and selling the Salinas brand and SALINAS SWIMWEAR products. MARPESSA spent

15    similar monies in developing the "Salinas" brand in each of the previous years as well.

16    18.    The parties continued their joint venture/partnership relationship for seven and a half

17    years until SALINAS SWIMWEAR terminated the relationship after receipt of investment funds

18    from a third party investor in or around 2007.

19    19.    Since SALINAS SWIMWEAR received its outside investment funds in 2007, it has

20    sought to alter the joint venture/partnership relationship it has with MARPESSA and attempted to

21    either terminate its association with MARPESSA or cut down MARPESSA's share of profits in the

22    venture.    Since the new party became involved with SALINAS SWIMWEAR, SALINAS

23    SWIMWEAR has no longer been interested in honoring its agreements with MARPESSA.

24    20.    SALINAS SWIMWEAR has either intentionally or negligently failed to live up to its

25    obligations to provide MARPESSA with timely samples (used to obtain orders) and has slowed down

26    or failed to make scheduled deliveries. Deliveries that were made for the 2008 product line were not

27    only late, but were incomplete, creating problems with MARPESSA's customers. MARPESSA was

28    unable to satisfy several orders for SALINAS SWIMWEAR's products due to SALINAS

1   SWIMWEAR's untimely delivery and has lost over $285,000 in cancelled purchase orders and

2   currently maintains approximately $325,000 in inventory that has been difficult to sell due to

3   SALINAS SWIMWEAR's late delivery of the products.

4       21.   In January of 2008, without just cause or reason, SALINAS SWIMWEAR breached

5   its agreement with MARPESSA and announced that it would no longer be honoring its obligations

6   effective March 1, 2008.  In reliance on the joint venture/partnership relationship, MARPESSA spent

7   time and money to promote and market the Salinas brand throughout 2007 for the 2008 season.  It is

8   typical in the fashion industry that products for the 2008 season are created and promoted in 2007.  In

9   this case, all of the marketing and promotion for the 2008 season was already done by MARPESSA

10  at the time SALINAS SWIMWEAR stated it would no longer be honoring its agreement with

11  MARPESSA.

12      22.   MARPESSA is now left with un-purchased inventory and has been frozen out of

13  SALINAS SWIMWEAR's distribution operations.  MARPESSA has been paid no compensation for

14  its contributions to the venture, the value it has added to SALINAS SWIMWEAR's brand and the

15  losses it has sustained as a result of SALINAS SWIMWEAR's breach of its agreement with

16  MARPESSA.

17      23.   Throughout the 2008 season, SALINAS SWIMWEAR has been reaping the benefit of

18  MARPESSA's distribution efforts and investments and has been selling its swimwear products in the

19  United States and other foreign territories without providing MARPESSA with a share of the

20  revenues.

21  **FIRST CAUSE OF ACTION**

22  **BREACH OF PARTNERSHIP/JOINT VENTURE AGREEMENT**

23  **(Plaintiff v. All Defendants)**

24      24.   Plaintiff hereby incorporates each and every preceding paragraph as though set forth in

25  full herein.

26      25.   Since 2000, SALINAS SWIMWEAR and MARPESSA have been engaged in the

27  following oral joint venture/partnership agreement:

28          a.   Both MARPESSA and SALINAS SWIMWEAR were engaged in a joint

1  venture/partnership relationship whereby both parties were to work together to develop merchandise

2  and market and distribute the products in the United States and other foreign territories.

3            b.      While both parties had input throughout the development, marketing and

4  distribution process, SALINAS SWIMWEAR was to invest money in the development and

5  production phase, while MARPESSA's principal investment of money and time went toward

6  promotions, marketing, sales and distribution.

7            c.      SALINAS SWIMWEAR was to timely deliver samples in order to allow

8  MARPESSA to obtain orders.  SALINAS SWIMWEAR was also required to timely fulfill (i.e.

9  deliver complete orders) orders procured by MARPESSA.

10           d.      Both MARPESSA and SALINAS SWIMWEAR were to obtain a portion of

11 the revenues generated from the United States and other foreign market sales.  SALINAS

12 SWIMWEAR was to deliver the merchandise and MARPESSA was to pay SALINAS SWIMWEAR

13 a portion of the revenues generated from the sales within ninety days of delivery of the merchandise.

14           e.      SALINAS SWIMWEAR was to provide MARPESSA with a portion of the

15 revenues generated from SALINAS SWIMWEAR's sale of products made in Italy, United Kingdom,

16 Greece, Costa Rica, Panama, Spain, France, Korea, Canada, Canary Islands, Indonesia and Thailand.

17     26.    MARPESSA performed all of its obligations under the joint venture/partnership

18 agreement.

19     27.    SALINAS SWIMWEAR breached the agreement by failing to timely deliver products,

20 unilaterally ending the relationship and selling products within the United States and other foreign

21 territories without providing MARPESSA with a share of the profits.

22     28.    SALINAS SWIMWEAR's breaches have resulted in damages to Plaintiff in an

23 amount to be proven at trial but in excess of the jurisdictional minimum.

### SECOND CAUSE OF ACTION

### BREACH OF FIDUCIARY DUTY

#### (Plaintiff v. All Defendants)

27     29.    Plaintiff hereby incorporates each and every preceding paragraph as though set forth in

28 full herein.

30.     As a joint venturer/partner, SALINAS SWIMWEAR was a fiduciary of MARPESSA and had a duty of care and duty of loyalty to MARPESSA in accordance with *Cal. Corp. Code* 16404.

31.     SALINAS SWIMWEAR breached its duty to MARPESSA by failing to timely deliver merchandise and directly competing with the partnership by selling products within the United States and other foreign territories without providing the partnership and MARPESSA with a share of the profits.

32.     MARPESSA has been damaged by SALINAS SWIMWEAR's breaches in that MARPESSA has lost over $1,500,000 in investments it made in marketing and distributing of SALINAS SWIMWEAR's 2008 swimwear line and has been deprived of the profits it would have gained had SALINAS SWIMWEAR honorerd its obligations under the agreement.   Additionally, MARPESSA has lost over $600,000 in immovable inventory and cancelled purchase orders.

33.     Additionally, MARPESSA provided SALINAS SWIMWEAR with its international distributor contacts in Italy, United Kingdom, Greece, Costa Rica, Panama, Spain, France, Korea, Canada, Canary Islands, Indonesia and Thailand.   MARPESSA was to receive a portion of the revenues generated through the sales SALINAS SWIMWEAR made in these foreign markets.   Since February of 2007, SALINAS SWIMWEAR has failed to provide MARPESSA with its share of the profits generated in these foreign territories.

34.     SALINAS SWIMWEAR's breach of duty to MARPESSA was the direct and proximate cause of damage to Plaintiff in an amount to be proven at trial and in excess of the jurisdictional minimum.

### THIRD CAUSE OF ACTION

### ACCOUNTING

**(Plaintiff v. All Defendants)**

35.     Plaintiff hereby incorporates each and every preceding paragraph as though set forth in full herein.

///

///

36.    Pursuant to *Cal. Corp. Code* §16404 SALINAS SWIMWEAR owes a duty to account to the partnership and hold as trustee for the partnership any property, profit, or benefit derived by SALINAS SWIMWEAR in the conduct of the partnership business.

37.    SALINAS SWIMWEAR has failed to account to MARPESSA the profits and revenues it has gleaned from the sale of its 2008 swimwear line in the United States and other foreign territories.

38.    In accordance with *Cal. Corp. Code* §16405, MARPESSA demands an accounting of all profits SALINAS SWIMWEAR gleaned from the sale of SALINAS SWIMWEAR products for the 2008 swimwear line in the United States and the foreign territories of Italy, United Kingdom, Greece, Costa Rica, Panama, Spain, France, Korea, Canada, Canary Islands, Indonesia and Thailand.

## FOURTH CAUSE OF ACTION

## BREACH OF DISTRIBUTION AGREEMENT

### (Plaintiff v. All Defendants)

39.    Plaintiff hereby incorporates each and every preceding paragraph, with the exception of paragraphs 24 through 38, as though set forth in full herein.

40.    Since 2000, SALINAS SWIMWEAR and MARPESSA have been engaged in the following oral distribution agreement:

a.    MARPESSA was to invest monies and time in marketing, selling and distributing SALINAS SWIMWEAR's products.

b.    SALINAS SWIMWEAR was to exclusively utilize MARPESSA for distribution of its goods in the United States.

c.    SALINAS SWIMWEAR was to timely deliver samples as well as the any and all ordered merchandise on or before the date agreed upon by the parties at the time MARPESSA informed SALINAS SWIMWEAR of an order.

d.    SALINAS SWIMWEAR was to provide MARPESSA with a portion of the revenues generated from SALINAS SWIMWEAR's sale of products made in Italy, United Kingdom, Greece, Costa Rica, Panama, Spain, France, Korea, Canada, Canary Islands, Indonesia and Thailand.

///

e.    Because the marketing efforts of SALINAS SWIMWEAR's swimwear products was to occur the year prior to the swimwear reaching the market, SALINAS SWIMWEAR was to refrain from terminating the agreement without one year notice.

41.    MARPESSA performed all of its obligations under the distribution agreement

42.    SALINAS SWIMWEAR breached the agreement by failing to timely deliver products, unilaterally ending the relationship and utilizing other distributors to assist in selling products within the United States and other foreign territories without providing MARPESSA with a share of the profits.

43.    MARPESSA has been damaged by SALINAS SWIMWEAR's breaches in that MARPESSA has lost in excess of $1,500,000 that it invested in the marketing and distribution of SALINAS SWIMWEAR's 2008 swimwear line and has been deprived of the profits it would have gained had SALINAS SWIMWEAR honored its obligations under the agreement.  Additionally, MARPESSA has lost over $600,000 in immovable inventory and cancelled purchase orders.

44.    Additionally, MARPESSA provided SALINAS SWIMWEAR with its international distributor contacts in Italy, United Kingdom, Greece, Costa Rica, Panama, Spain, France, Korea, Canada, Canary Islands, Indonesia and Thailand.  MARPESSA was to receive a portion of the revenues generated through the sales SALINAS SWIMWEAR made in these foreign markets.  Since February of 2007, SALINAS SWIMWEAR has failed to provide MARPESSA with its share of the profits generated in these foreign territories.

45.    SALINAS SWIMWEAR's breaches have resulted in damages to Plaintiff in an amount to be proven at trial but in excess of the jurisdictional minimum.

**FIFTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

**(Plaintiff v. All Defendants)**

46.    Plaintiff hereby incorporates each and every preceding paragraph as though set forth in full herein.

///

///

47.    Beginning in 2000, MARPESSA and SALINAS SWIMWEAR entered into a relationship wherein the parties jointly developed, marketed, distributed and sold SALINAS SWIMWEAR products in the United States and other foreign markets.

48.    Throughout the 2007 year, MARPESSA invested heavily in the marketing and distribution of SALINAS SWIMWEAR's 2008 swimwear line.    Throughout the 2007 year, MARPESSA invested over $1,500,000 of money and thousands of hours of time in building up and marketing SALINAS SWIMWEAR's 2008 swimwear line.

49.    SALINAS SWIMWEAR accepted the benefit it received from MARPESSA's marketing efforts.

50.    SALINAS SWIMWEAR has failed and refused to continue its contractual relationship with MARPESSA and has further refused to compensate MARPESSA for the monies it invested in marketing SALINAS SWIMWEAR's 2008 swimwear line.

51.    SALINAS SWIMWEAR is estopped from denying the existence or enforceability of any contract between SALINAS SWIMWEAR and MARPESSA as this would result in its unjust enrichment by obtaining the benefit of the work performed and money MARPESSA invested for the benefit of SALINAS SWIMWEAR without paying the reasonable value thereof.

## SIXTH CAUSE OF ACTION

### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

**(Plaintiff v. All Defendants)**

52.    Plaintiff incorporates each and every preceding allegation of this complaint as though set forth fully herein.

53.    SALINAS SWIMWEAR knew that MARPESSA had actual and existing contractual relationships with the customers to whom it sold SALINAS SWIMWEAR's products and its international distributors that were financially beneficial to MARPESSA..

54.    Notwithstanding SALINAS SWIMWEAR's actual knowledge of these relationships, SALINAS SWIMWEAR intentionally refused to honor its obligations under its agreement with MARPESSA and refused to timely deliver products to MARPESSA. SALINAS SWIMWEAR also

1   began either directly selling its swimwear products to certain of MARPESSA's customers and/or
2   utilizing distributors to sell SALINAS SWIMWEAR products to MARPESSA's customers.
3   SALINAS SWIMWEAR's intentional actions caused the disruption and breakdown of
4   MARPESSA's contractual relationships with the clients to whom it sold SALINAS SWIMWEAR
5   products.

6       55.    SALINAS SWIMWEAR's actions have caused MARPESSA to suffer damages as a
7   result of its disrupted contractual relationships in an amount to be proven at trial but in excess of the
8   jurisdictional minimum.

9       56.    The aforementioned acts of SALINAS SWIMWEAR were willful, wanton, malicious,
10  and oppressive in that SALINAS SWIMWEAR knew of MARPESSA's agreements with its clients
11  and nevertheless proceeded in the manner alleged above knowing that its actions would deprive
12  MARPESSA of the benefits of its agreements with its clients. SALINAS SWIMWEAR engaged in
13  despicable conduct that subjected MARPESSA to a cruel and unjust hardship in conscious disregard
14  of SALINAS SWIMWEAR's rights, so as to justify an award of exemplary and punitive damages.

15      WHEREFORE, PLAINTIFF prays for relief as follows:

16  **As to the First Cause of Action**

17      1.    For past and future general, incidental and consequential damages in a sum not yet
18  fully ascertained and according to proof at trial;

19  **As to the Second Cause of Action**

20      1.    For past and future general, incidental and consequential damages in a sum not yet
21  fully ascertained and according to proof at trial;

22  **As to the Third Cause of Action**

23      1.    For an accounting of all profits and revenue SALINAS SWIMWEAR gleaned from
24  the sale of its 2008 swimwear line.

25  **As to the Fourth Cause of Action**

26      1.    For past and future general, incidental and consequential damages in a sum not yet
27  fully ascertained and according to proof at trial;

28  ///

### As to the Fifth Cause of Action

1.     For past and future general, incidental and consequential damages in a sum not yet fully ascertained and according to proof at trial;

### As to the Sixth Cause of Action

1.     For past and future general, incidental and consequential damages in a sum not yet fully ascertained and according to proof at trial;

2.     For punitive damages;

### As to All Claims

1.     For pre-and post-judgment interest;

2.     For costs of suit; and

3.     For such other and further relief as the Court may deem just.


Dated:  July 17 2008

Respectfully Submitted,

_____
Timothy P. Dillon, Esq.,
Attorney for Plaintiff,
Marpessa, Inc.

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 153095    — MB

July 17. 2008
11:12:55

Civ Fil Non-Pris
USAO #.: 08CV1283 CIVIL FILING
Judge..: ROGER T BENITEZ
Amount.:                        $350.00 CK
Check#.: BC11404

Total—>  $350.00

FROM: MARPESSA INC VS MKT LICENCIAME

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Marpessa, Inc. | MKT LICENCIAMENTOS, LTDA aka MKT LINCENCIAMENTOS, LTDA and Pistache Company **FILED** |
| **(b)** County of Residence of First Listed Plaintiff   San Diego<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)<br>Dillon & Gerardi, APC 4660 La Jolla Village Drive, Suite 775; San Diego CA. 92122 (U.S.A.) | Attorneys (If Known)<br>**08 CV 1283 BEN POR** DEPUTY |

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

Brazil

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 1332
Brief description of cause:
Breach of Agreement

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ Exceeds $75,000     CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions:)     JUDGE _____     DOCKET NUMBER _____

DATE 7/17/08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 153095    AMOUNT $350.00    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

AB 07/17/08

ORIGINAL